May it please the court, my name is Lafcadio Darling, I'm the pro bono counsel for the appellant Mr. Andrew Thomas. And I was, as the court knows, appointed pro bono counsel and the order appointing me invited me to address the merits as I saw fit and also to answer a question, which was whether Vrlina, and I think you said Nozlic, validly appeared and signed the Notice of Appeal on behalf of Andrew Michael Thomas in this action. And I think the best way to approach that question is actually to talk about why I think this was incorrectly dismissed below because I think that also answers the signature. You did file a Notice of Appeal, right, signed by Mr. Thomas? We just did because we got that supplement. So that question I think is now... It's probably gone. Yeah, because we have the appropriately signed Notice of Appeal. So I think you can... So you're here in our court under a pro se Notice of Appeal, correct? That's correct. Right. And so I just think that the signature issue ties in. But you're probably correct, Your Honor, that the concern that may have been expressed there is now... It's gone. Okay. The dismissal of Mr. Thomas' claims below, I think, was based on a rather simple and fundamental misunderstanding of what was going on by both the defendants and the district court. If you look at the order of Judge Peckman dismissing the claims, ultimately, the sole basis for the dismissal was that Ms. Nozlic was not an attorney and couldn't represent Mr. Thomas. And I don't think that was actually what was going on here. Mr. Thomas was proceeding pro se, which is what it says on, I believe, all the documents. We know that Mr. Thomas is not a minor. He's not incapacitated. He's obviously a person. He's not a corporation. He can represent himself and has a federally protected right to represent himself. The problem is here that Mr. Thomas is disabled. He's legally blind. He has hearing problems. He has cognitive disabilities. And he has leaned on Ms. Nozlic's sister to help him with a lot of activities of daily living and, more particularly, business issues, benefits, payments, things like that. And she holds a power of attorney for him and assists him with many things. Here, she was helping him. And because of his disabilities, he is unable to fully participate in litigation without help. But we know he can sign a document because he signed the Notice of Appeal. And he signed other documents that are in the record. That's right. And it seemed to me Judge Peckman couldn't have been more clear. She said, in order to proceed, you either have to hire an attorney or you have to sign the documents yourself. Right. And instead, Ms. Nozlic signed as his representative. So I had trouble with the argument that you raised in your brief that, oh, she was just a reasonable accommodation. We know he can sign, but he declined to do so despite Judge Peckman's order. I understand that. And I could respond to that, but it's not before the court. I think it's pretty clear that they just didn't understand what was going on. But I think that also Ms. Nozlic, Mr. Thomas, and Ms. Nozlic just didn't perceive that this was the problem. But what gives me pause here is that, again, the authorities that are being relied upon, the reason for the dismissal here, is that Ms. Nozlic is acting as an on-attorney representative, and that's improper. And I don't think that's actually what went on here. Well, she signed the complaint, didn't she? She did sign the complaint. She signed it as a POA pro se rep AE slash ADA advocate. Correct. And I think that she, Mr. Thomas and she felt that he was able, because she was helping him prepare the documents, that I think they felt he was able to direct her to sign for him because of the power of attorney and because she was actually assisting him. And the record, page 40, says, I quote, he would prefer to be pro se in word only and have Ms. Nozlic represented in these proceedings. Right. Well, that sounds like he's hiring a lawyer who's not a lawyer. Well, Your Honor, I share your concern about that, but I think that what we really see here is a case where he's designating himself pro se, and he is getting assistance from Ms. Nozlic, which doesn't appear to me to be legal representation, rather assistance with preparation of documents. Well, we get this all the time in the immigration context where some usually disbarred attorney is ghostwriting, pleading some papers for the alien, and the alien signs them, and the alien puts themselves out as being pro se, even though we know it's being ghostwritten by someone in the background. So I suppose Mr. Thomas could have done the same thing, but that's not what he chose to do. So in other words, Ms. Nozlic could have ghostwritten his documents for him, and he could have signed them as Judge Pickman told him he had to do. Right. So wouldn't that have been the way for him to proceed if he was incapable of, if he needed that sort of assistance to act pro se? Yeah. I admit that they weren't as clever or sophisticated as some of the people are in these situations, but I think that they were, that the assistance that Ms. Nozlic was giving him doesn't appear to me to mainly be legal representation. It seems to be practical assistance with preparing these documents and proceeding with it. But that's, you know, I guess the question is where does he go from here? He could, I don't know what his statute of limitations situation is. He certainly could refile his complaint, correct? Right. Do you think, I guess one question I had, I realize he signed the Notice of Appeal in our court, but if she were just signing for him because he is visually impaired and saying he directed me to sign the document, do you think that would be different than the position that she took initially when she filed the complaint? I think that it's more, I view what they were trying to do here as more of the former, where someone, and we attorneys do it a lot, is where someone directs someone else to sign for them. In terms of where we go from here, that leads to my other point, which is this was dismissed without prejudice. I don't know the merits, the merits of the claim are beyond my brief and I don't understand them. So I can't say, but as the appointed attorney, I'm concerned that there might be a time bar issue. So that was my, as I said in my brief, to the extent this court finds, look, the way they did it was just wrong. The district court was dead clear about what was required and they didn't do it. I would still request that this be remanded because this may be time barred on what's basically simply a misunderstanding by a pro se litigant. And they should be allowed to proceed on the merits. And as I pointed out in my brief, there is authority for that. The ones I found were the cases of minors where someone tried to represent a minor parent or something like that and they said, you can't do it, we're ruling that you can't do it, but we're not going to dismiss this thing outright because the claims would now be time barred. So we're going to send it back and allow it to proceed. You said a misunderstanding, but I was just remembering from my notes that he had already, a different district court had informed Thomas that NOSLA couldn't represent him in Thomas v. Seattle Center, which was before this case. So this is actually the second time he's gotten this information that he needs to either have an attorney or represent himself. So why are you saying it's a misunderstanding? Well, that's what I'm saying. This is the second misunderstanding? I think that the fact that they don't change demonstrates the misunderstanding. I think it's pretty clear that if they perceive that Mr. Thomas signed the statement that's in the record at page 26-46 where he has that letter to the judge, he signed, as you know, he signed the Notice of Appeal now, if they had perceived that's what they needed to do, they would have done it. I think the far more reasonable conclusion from the evidence we have is that they thought he was pro se. And I believe they weren't understanding why this was a problem. Despite having been dismissed previously? I'm constrained by the record, Your Honor. But that's what it seems like from what I see, that they're barging ahead with this, and it is obviously not what the court's ordering them to do. But I think it's based on this assumption that the guy is acting pro se, and he's just getting help from his sister. Well, but as we heard Judge Gilman noting, he said, well, I want to be pro se in word only, so he doesn't really want to be pro se, is what I took that to mean. Yeah, I mean, I think that he's labeled himself pro se, and it's clear that he does need non-legal assistance, and that's what appears to me from the record mostly what Ms. Noslich is providing for him. And also the judge seemed to have gone out of her way to say, he said, well, I can't hire an attorney because of cost, and she gave him the federal civil rights legal clinic number to call.  with the district court's order is that it seemed to be based entirely on this notion that you can have an attorney represent you. And I think that really wasn't the point. I think it was that, you know, maybe she was trying to say, under Rule 11, you should sign this, but that's not what she said. So that's why I think that it was not a proper way to dismiss it, and even if this court were to find that he did need to sign it, I would request that it be remanded, and this defect allowed to be cured at the trial level. I'll reserve my time. Thank you. Good morning. May it please the Court. My name is Janie Freeman. I represent one of the defendant appellees in this case, Christine Young, social worker at Harborview Medical Center, and I will present argument on behalf of all of the defendant appellees in this matter. And we ask that the Court affirm the district court's dismissal of Mr. Thomas's action without prejudice. As the Court has noted, the issue before the Court here today is whether a party can... a non-lawyer can represent a party in a federal court lawsuit, and the answer is obviously no. The appellant is asking the Court to make or create an exception in this case, because the party has some disabilities. Appellant concedes that Ms. Noslik is not a lawyer, that she cannot represent Mr. Thomas. And there are many reasons that pro se parties might want someone to help them out or represent them, anything ranging from writing abilities, speaking abilities, fear of appearing in court. In this case, the argument is because Mr. Thomas has some disabilities that make the proceedings difficult. There's no question that his sister could assist him and provide assistance in terms of hearing difficulties, reading difficulties, helping him read materials, and also even as a representative or an advocate to help him retain legal counsel, as do advocates and guardians for minors or incompetent individuals. But this is distinguished from what Ms. Noslik did here in this case. It's clear from the notice of appeal to the opposition to the motion to dismiss, sorry, starting with the complaint that was initially filed, the opposition to the motions, the notice of appeal, that were pleadings prepared by Ms. Noslik. This is not a situation where she has ghostwritten documents for Mr. Thomas and he has signed them, or she has physically signed them on his behalf. These are pleadings that Ms. Noslik has prepared, even in the first person, referring to Mr. Thomas in the third person as a different party and individual. And in those pleadings, Ms. Noslik repeatedly and in minute detail provides argument and justification why Mr. Thomas cannot represent himself as a pro se party, even though that is their desire, and why Ms. Noslik herself is intending and has been representing him as legal counsel, even though she is a non-lawyer. So in your view, could she say, could she sign a pleading, Andrew Michael Thomas, and then have the little initial under it, VN? Would that be okay? If, for example, Mr. Thomas was literally unable to write or sign a document, yes, I believe that would be okay if he directed her to sign a document on his behalf. But again, that is not what has occurred here. From the beginning and throughout, Ms. Noslik has signed the pleadings on her own behalf, and she has given herself some various labels, but they haven't even been prepared or signed on behalf of or for Mr. Thomas as the party in this case. As the Court has already noted, there are several... When Judge Peckman dismissed this action, it was dismissed without prejudice, meaning Mr. Thomas could have chosen to refile it at any time. Judge Peckman, in her initial order in February of 2012, after this action had been pending for some six months already, dismissed it without prejudice and at that time gave a specific deadline to allow Mr. Thomas to just do one of two things. Either let the Court know that he had retained counsel, or she even allowed Ms. Noslik to inform the Court that she had retained counsel on behalf of her brother, or for Mr. Thomas to submit a declaration saying, I am a pro se party, I will proceed pro se. In response to that, both Mr. Thomas and Ms. Noslik submitted lengthy written statements to the Court. Mr. Thomas did present a long statement, which he did sign himself, it's ER 26-46, and in that statement he said, I cannot be pro se by myself. I prefer to be pro se in word only. I would like to have my sister represent me in these proceedings. And he goes on to say, as does his sister, not that they have ever tried to retain counsel in this case, there's no indication in the record that they tried to retain counsel, but they say things like, in our experience of the last 13 to 20 years, in our various legal proceedings, we have found that some of the pro bono counsel we have contacted is not competent, we don't think they would represent us fairly, we don't think anyone would want to represent us in this matter, but there's not any indication in the record, for example, that they contacted a number of attorneys and were rejected, or that no one would take the case because of cost, or any factor like that. Ms. Noslik herself, in the pleadings that she submitted to the court, argues to the court that it would be a disaster if Mr. Thomas represented himself. Again, I understand that appointed counsel has made his best pitch for why this could have been a mistake, but it's simply not supported by the record in this case, and it's not supported by the time frame in the record either. As the court noted, when this action was filed, Ms. Noslik and Mr. Thomas had already been advised by another district court judge that she could not represent him. They had notice as early as January of 2012, when defendants filed this motion to dismiss of the standards and the reasons for the rule. The case was dismissed in February, Judge Peckman gave them 30 days to submit these statements or get an attorney, they did not, and when the dismissal was finally entered, again, instead of simply answering Judge Peckman's questions as to whether they would retain counsel for Mr. Thomas or Mr. Thomas would proceed pro se, Ms. Noslik again filed a motion for reconsideration. And this again clarifies that this was in no way a mistake. This was simply a disagreement. Both Mr. Thomas and Ms. Noslik said they disagree with the court's rule, they don't think it's right, that Mr. Thomas intends to have his sister represent him in his legal proceedings against the defendants in this case. Even after, even at that point, the case was still dismissed without prejudice. Mr. Thomas could have refiled if, in fact, he intended to proceed pro se or retained an attorney from anywhere, he could have refiled his action at any time throughout 2012, even throughout the time of this appeal. Instead, he chose to pursue this appeal and argue against the court and the court's rules on these grounds. And unless there are further questions, we'd ask that the court affirm the district court's dismissal. Thank you. Just briefly, I think that we are stuck in these terms about representing and helping. And again, the conduct that we are all now looking back at and thinking is rather strange, them persisting in their course of action, despite what the district court is saying, to me indicates that these people have a different view of represent than what we and the law are thinking of when we're saying someone is representing someone else. Mr. Thomas says, I can't do it without help, that's true. And he therefore concludes, I need her to represent me. I think they weren't on the same wavelength as the court here. I pointed this out in my brief. Federal courts are to be indulgent as to the inartful pleadings of pro se litigants. I think we have, obviously, some things here that are problematic and we have them just not tracking. Aren't we bound to look at the objective measure of what it means when someone represents another in court rather than the subjective view of your particular client? Yes, I think so. But I think that there's enough evidence here that the assistance she was rendering to him wasn't as an attorney but as someone helping him. And what I'm saying is that I don't want us to get bound up in the word represent because they may not have been using it in the way that we're using it. And so therefore, looking through that term and him saying, I want my sister to represent me, what it seems to me is that he's clear that he needs her help, whether as a legal advocate or not, I don't think it's so clear. So I would request that the Court reverse and at a minimum send it back and allow him to cure the defect. Thank you. Thank you. The case of Thomas v. Thomas is submitted. The Court would like to thank you, Mr. Darling, for your participation in the Court's pro bono program. And since he is fortunate to have a lawyer on appeal, you also may be able to explain the difference between representation and assistance. He might benefit from your assistance on that. Also, thank you, Ms. Freeman, for your argument. The next case for argument this morning is Richter v. Thomas.
judges: Gilman, McKeown, Ikuta